a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CESAR E. CANTU, Petitioner | CIVIL ACTION NO. 1:18-CV-0808 P |
| VERSUS | JUDGE DEE D. DRELL |
| CHRIS MCCONNELL, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Cesar E. Cantu ("Cantu") (#32028-279). Cantu is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the Federal Correctional Institution in Pollock, Louisiana. Cantu challenges the legality of his sentence imposed in the United States District Court for the Southern District of Texas.

Because Cantu cannot meet the requirements of the savings clause of 28 U.S.C. § 2255, his petition should be dismissed for lack of jurisdiction.

I. Background

Cantu and four co-defendants were charged with drug trafficking. Cantu was also charged with conspiracy to possess with intent to distribute and possession with intent to distribute at least 1,000 kilograms of marijuana. (Docket No. 5:09-CR-2803, S.D. Tex.). Cantu entered a guilty plea to conspiracy to possess with intent to distribute over 1,000 kilograms of marijuana, in violation of 21 U.S.C. § 846, 841(a), 841(b)(1)(A), and 851. Pursuant to the plea agreement, Cantu waived his right to

appeal the sentence imposed or the manner in which it was determined, and waived his right to contest his conviction or sentence by means of any post-conviction proceeding. (Docket No. 5:09-CR-2803, S.D. Tex., Doc. 308). Cantu was sentenced to a term of 240 months of imprisonment. (Docket No. 5:09-CR-2803, S.D. Tex., Doc. 308).

Notwithstanding the plea agreement, Cantu filed a motion to vacate his sentence shortly after imposition. The court found that Cantu's waiver of his right to appeal or collaterally attack his conviction was valid, so Cantu's § 2255 motion was denied. (Docket No. 5:09-CR-2803, S.D. Tex., Docs. 364, 365). Cantu appealed the judgment, but the appeal was dismissed for failure to pay the filing fee. (Docket No. 13-40323, 5th Cir.).

Three years later, Cantu filed a second § 2255 motion seeking to proceed under Johnson v. United States, 135 S. Ct. 2251 (2015). (Docket No. 5:09-CR-2803, S.D. Tex., Doc. 403). The court transferred the motion to the United States Court of Appeals for the Fifth Circuit for a determination as to whether Cantu should be granted leave to proceed on his successive motion. (Docket No. 5:09-CR-2803, S.D. Tex., Doc. 405). In denying authorization, the Fifth Circuit noted that Johnson provided no basis for Cantu to attack his sentence because his sentence was not enhanced under the residual clause of the Armed Career Criminal Act or a similar clause. Rather, Cantu's sentence was enhanced pursuant to 21 U.S.C. § 851(b)(1)(A) because Cantu had a prior felony drug offence. (Docket No. 16-40949, 5th Cir. 10/26/16).

The following year, Cantu sought the Fifth Circuit's authorization to file a successive § 2255. Cantu contended that, under Mathis v. United States, 136 S. Ct. 2243 (2016), United States v. Tanksley, 848 F.3d 347 (5th Cir. 2017), United States v. Conley, No. 15-10550, 2016 WL 7187376 (5th Cir. Dec. 9, 2016), and United States v. Hinkle, 832 F.3d 569 (5th Cir. 2016), he was entitled to relief from his sentencing enhancement. (Docket No. 17-40156, 5th Cir.). The Fifth Circuit denied authorization, finding that Cantu could not show that his motion relied on either: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty, or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. (Docket No. 17-40156, 5th Cir. 4/18/17).

II. **Law and Analysis**

    A. **Cantu cannot meet the requirements of the savings clause.**

Cantu seeks to proceed under the savings clause of § 2255(e), which provides a limited exception to the rule that a § 2241 petition may not be used to challenge the validity of a federal sentence and conviction. See Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). The savings clause allows a prisoner to rely on § 2241 if the remedy available under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The petitioner bears the burden of affirmatively proving that the § 2255 remedy is inadequate. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).

To state a claim under the savings clause, a petitioner must show that the claim is based on a retroactively applicable Supreme Court decision that establishes the petitioner may have been convicted of a nonexistent offense, and the claim was foreclosed by circuit law at the time it should have been raised in the petitioner's trial, appeal, or first § 2255 motion. Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001).

Cantu claims that Mathis, Tanksley, and Hinkle render him actually innocent of the § 851 enhancement. (Doc. 1-2, p. 8). Cantu also argues that, in light of Sessions v. Dimaya, his prior conviction of domestic abuse is not a qualifying predicate for removal from the United States. (Doc. 1-2, p. 8; Doc. 9-1, p. 7).

As to his first claim, Cantu cannot meet the saving clause because Mathis, Tanksley, and Hinkle are not retroactively applicable Supreme Court decisions. See In re Lott, 838 F.3d 522, 523 (5th Cir. 2016) (denying authorization to file a successive application under § 2255(h)(2) because Mathis did not set forth a new rule of constitutional law that has been made retroactive to cases on collateral review); United States v. Taylor, No. 16-6223, 2016 WL 7093905 (10th Cir. Dec. 6, 2016) (Mathis did not announce a new substantive rule). In fact, Hinkle and Tanksley are not Supreme Court cases, at all. Thus, Cantu cannot meet the requirements of the savings clause under Mathis, Hinkle, or Tanksley.

Cantu next argues that, in light of Dimaya, his conviction of domestic abuse is not a qualifying predicate for removal from the United States. (Doc. 9-1, p. 7). To the extent Cantu is attempting to challenge a removal order, this Court lacks jurisdiction

4

under the REAL ID Act. See 8 U.S.C. § 1252. Cantu has not alleged that Dimaya applies to or impacts his criminal conviction or sentence.

Cantu has failed to identify a retroactively applicable Supreme Court decision that establishes he may have been convicted of a nonexistent offense.

### III. Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Cantu's § 2241 petition be **DISMISSED** for lack of jurisdiction, with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Cantu's claim.[1]

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

---

[1] Pack v. Yusuff, 218 F.3d 448, 454 (5th Cir. 2000) ("Because the district court did not rule on the merits of Pack's claim, his petition should be dismissed with prejudice regarding the jurisdictional issue only, and dismissed *without* prejudice regarding all other issues."); Reed v. Young, 471 Fed. Appx. 284, 285 (5th Cir. 2012) (unpublished) (because the district court lacked jurisdiction, its judgment should reflect that the dismissal was with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Reed's claim).

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __5th__ day of September, 2018.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge